PAUL A. PORTER, ADMINISTRATOR,
OFFICE OF PRICE ADMINISTRATION v. FRED KATZ

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 76274

Memorandum filed July 30, 1946.

*John J. Sullivan, Jr.*, of New Haven, and *John E. Whalen*, of Meriden, for the Plaintiff.

*Ribicoff* and *Ribicoff*, of Hartford, for the Defendant.

COMLEY, J.   The complaint alleges that the plaintiff issued to the defendant a license to sell various foods under the provisions of the Emergency Price Control Act and that, after a warning notice had been served upon the defendant, he continued to sell certain commodities at prices in excess of the established limits in violation of the terms and provisions of the license.   The plaintiff prays that the defendant's license be suspended for a period not to exceed twelve months and that he be enjoined from selling the articles covered by the license during the period of suspension.

The defendant pleads in abatement on the ground that the proceeding is one to enforce a penal provision of a statute of the United States and is therefore beyond the jurisdiction of the courts of Connecticut.

The applicable sections of the act are to be found in 56 Statutes at Large, Chapter 26, Title II, § 205, and in 50 U. S. C. (War Appendix) § 925.

Section 205 provides three methods for enforcement of the act.   The first is criminal in nature and contemplates fine or imprisonments or both.   Exclusive jurisdiction of criminal prosecution is vested in the United States District Courts.   Sec. 205 (c).   The second method is the so-called "treble damage" suit, which is the remedy given to a buyer against a seller who has exacted more than the maximum price fixed for a commodity.   Sec. 205 (c) confers concurrent jurisdiction over such suits upon the federal and state courts.   The third method involves the suspension of license to do business and the act [§ 205 (f) (2)] provides that "the administrator may petition any State or Territorial court of competent jurisdiction, or a district court subject to the limitations hereinafter provided, for an order suspending the license of such person for any period of not more than twelve months."

In *Lapinski* v. *Copacino*, 131 Conn. 119, the jurisdiction of the courts of Connecticut to entertain "treble damage suits" was upheld, and the court said (p. 123):   "We need not inquire whether the action before us is one for a penalty or forfeiture . . . because if it were, the explicit terms of the provision of Sec. 205 (e), that any action under it might be brought in any court of competent jurisdiction, would create an exception."

It would seem, too, equally unimoprtant whether a suit for the suspension of a license is penal in its nature. As pointed out in the *Lapinski* case, supra, 128, the rule that a state court will not enforce the penal laws of a foreign jurisdiction does not apply to the laws of the United States, for the United States is not a foreign jurisdiction and its law "is just as much the law of this state as a statute enacted by our own legislature."

The only limitation upon the enforcemennt of federal penal statutes in the state courts is found in § 256 of the Judicial Code (36 Stat. at Large, p. 1161, 28 U. S. C. § 371), which vests in the courts of the United States exclusive jurisdiction "of all suits for penalties and forfeitures incurred under the laws of the United States." But when Congress in the enactment of any particular statute expressly confers jurisdiction to enforce it upon the state courts, as it has in § 205 (f) (2), the limitation in § 256 has no application and it is no defense to a proceeding in the state courts that it is an action to enforce a penalty.

It is, therefore, unnecessary to decide whether this action is penal in nature.

The plea in abatement is overruled and judgment thereon is rendered for the plaintiff.